■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. GILBERT ACEVEDO, Appellant.— Motion by appellant, upon an appeal from a judgment of conviction entered on a plea of guilty, for a transcript of the minutes of the hearing upon his prior application to suppress evidence which had been denied. Motion granted; the Clerk of the court below is directed to furnish without charge to appellant's counsel a transcript of the minutes of the said hearing (Code Crim. Pro., §§ 456, 813-c). The order and the minutes on the defendant's application to suppress evidence must be deemed to be part of the judgment roll (cf. Code Crim. Pro., §§ 458, 485, 456, 813-c). Beldock, P. J., Ughetta, Kleinfeld, Rabin and Hopkins, JJ., concur.

■ ANTHONY BENELLI, Respondent, v. DOMINICK BENELLI, Appellant.— Motion by appellant to dismiss his two pending appeals, with costs and disbursements against respondent. One appeal is from an order granting respondent's (plaintiff's) motion for a discovery and inspection; the other appeal is from an order denying appellant's (defendant's) motion to stay his pretrial examination by the respondent. Motion granted to the extent of dismissing both appeals, with one bill of $10 costs and disbursements to the appellant, payable by the respondent. It appears that, after the respondent had compelled appellant to proceed with the appeals and after the appellant had printed the record and his brief on both appeals, the respondent thereupon deliberately relinquished and abandoned his right to the discovery and to the pretrial examination — thus rendering academic the further prosecution of the appeals. Whether intended or unintended, the consequence of respondent's conduct was to vitiate the orders appealed from and to give voluntarily to the appellant all the relief which he sought and which he could have obtained by the further prosecution of his appeals. In practical effect, therefore, appellant must be deemed to be in the same position as the "party in whose favor an appeal is decided in whole or in part" and as such he "is entitled to costs upon the appeal" even though nominally the appeals are being dismissed on his motion (CPLR, §§ 8107, 8203; Rules, App. Div., 2d Dept., rule I, subd. 8). Beldock, P. J., Ughetta, Kleinfeld, Rabin and Hopkins, JJ., concur.